OPINION. Van Fossan, Judge: Fundamentally, the question to be resolved is whether the principal purpose motivating American Pipe’s acquisition of Palos Verdes was the evasion or avoidance of income or excess profits taxes through obtaining thereby tax benefits otherwise unavailable to it within the proscription of section 129, Internal Revenue Code of 1939.[1] Respondent has so determined. Based upon such premise, he has further determined that Palos Verdes was not a member of an affiliated group within the meaning of section 141 of the 1939 Code,[2] and that, therefore, the filing of consolidated returns by American Pipe for the periods involved was not permissible under such section. It is the position of petitioners that, as of the time American Pipe made the acquisition in dispute, the principal motivating intent behind such acquisition was the use of Palos Verdes for various legitimate business purposes. In support of this contention, petitioners point out that in December 1943, at which time American Pipe acquired complete ownership of Palos Verdes, the former’s war contract had previously been canceled and that it was thought desirable to use Palos Verdes as an outlet for the disposition of surplus gas tanks which had been manufactured under such contract, and which were going to be left in American Pipe’s possession. Petitioners further point out that the management of American Pipe was of the opinion that Palos Verdes presented an opportunity to obtain an outlet for pipes, casings, and other products manufactured by American Pipe. Finally, it is urged that it was deemed desirable for American Pipe to acquire another corporation for the purpose of carrying on certain auxiliary activities, such as owning oil properties and enterprises of other kinds, which were in competition with those to whom it was selling its products ; and that Palos Verdes is, in fact, now engaged in just such sort of an operation under a different name. The legislative history of section 129 was explored by us in Commodores Point Terminal Corporation, 11 T. C. 411. Briefly, the Congressional purpose was to halt the growing practice of avoiding taxes by the expedient of buying corporations having past, present or prospective losses, deficits, or large excess profits credits with the objective of reducing income or excess profits taxes. Of course, the statute was not intended to upset bona fide transactions or acquisitions where the proscribed intent is not present. See S. Kept. No. 627,78th Cong., 1st Sess.; H. Kept. No. 871, 78th Cong., 1st Sess. Thus, to restrict its application to the situations for which it was intended, the statute specifies three basic prerequisites which must be satisfied. The taxpayer must have (1) acquired on or after October 8, 1940, control of a corporation or acquired, on or after such date, directly or indirectly, corporate property which takes as its basis, in the hands of the transferee, the transferor’s basis; with (2) the principal purpose or intent underlying such acquisition of evading or avoiding income or excess profits taxes; by (3) securing the benefit of deductions, credits or allowances which the taxpayer would not otherwise enjoy. In the instant case, petitioners do not and cannot deny that American Pipe acquired control of the corporate property of Palos Verdes, subsequent to the specified date, nor that, as an incident thereof, it stood to enjoy tax benefits not otherwise available to it. As above observed, petitioner denies, however, that the tax benefits were the principal consideration or motivating purpose behind the acquisition. Although intent is a state of mind, it is none the less a fact to be found, as other facts are found — by a study of the entire record and the inferences to be drawn therefrom. The Commissioner having determined that the tax benefit to be gained was the principal purpose behind the acquisition, it was petitioner’s burden to prove that such determination was erroneous. After a careful study of the record made, we have concluded that petitioner has not successfully carried his burden of proof. We have accordingly so found. Decisions will be entered under Rule 50. SEC. 129. ACQUISITIONS MADE TO EVADE OK AVOID INCOME OK EXCESS PROFITS TAX. (a) Disallowance of Deduction, Cbedit, ob Allowance. — If (1), any person or persons acquire, on or after October 8, 1940, directly or Indirectly, control of a corporation, or (2) any corporation acquires, on or after October 8, 1940, directly or Indirectly, property of another corporation, not controlled, directly or indirectly, Immediately prior to such acquisition, by such acquiring corporation or Its stockholders, the basis of which property, In the hands of the acquiring corporation, Is determined by reference to the basis In the hands of the transferor corporation, and the principal purpose for which such acquisition was made is evasion or avoidance of Federal income or excess profits tax by securing the benefit of a deduction, credit, or other allowance which such person or corporation would not otherwise enjoy, then such deduction, credit, or other allowance shall not be allowed. * * * SEC. 141. CONSOLIDATED RETURNS. (a) Privilege to Pile Consolidated Income and Excbss-Profits-Tax Returns. — An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making consolidated Income and excess-proflts-tax returns for the taxable year In lieu of separate returns. The making of consolidated returns shall be upon the condition that the affiliated group shall make both a consolidated Income-tax return and a consolidated excess-proflts-tax return for the taxable year, and that all corporations which at any time during the taxable year have been members of the affiliated group making a consolidated Income-tax return consent to all the consolidated Income and excess-proflts-tax regulations prescribed under subsection (b) prior to the last day prescribed by law for the filing of such return. The making of a consolidated income-tax return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated returns shall include the income of such corporation for such part of the year as It is a member of the affiliated group. * * *